ALBERT E. HAMMETT *vs.* HELEN McNULTY HAMMETT, *Ex'x.*

APRIL 1, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

328

CONDON, J.   This is an appeal from a decree of the probate court of the city of Newport admitting to probate a certain instrument, dated September 15, 1937, purporting to be the last will and testament of George H. Hammett, late of said Newport, who deceased on September 16, 1937. The appeal was tried in the superior court and resulted in a verdict for the appellant. On motion of the appellee, the trial justice set aside the jury's verdict and granted a new trial.

The case is here on appellant's exception to this ruling and also on appellee's exceptions to the rulings of the trial justice, denying her motions to withdraw from the jury the issues of testamentary capacity and undue influence, and denying her motion for a directed verdict.

Our treatment of the appellee's exception to the denial of this latter motion will necessarily involve a consideration of the evidence in support of testamentary capacity and undue influence, so it will not be necessary to consider separately the appellee's other two exceptions. Therefore, we shall hereinafter discuss only her exception to the denial of her motion for a directed verdict.

The issue of formal execution was waived so that the only issues before the jury were testamentary capacity and undue influence. Whether or not the jury found for the appellant on both or only one of such issues we do not know, as they returned a general verdict, and no request was made for special findings.

The appellant contends under his exception, first, that in granting appellee's motion for a new trial, "the trial justice misconceived and overlooked important testimony tending fairly to support the verdict" and did not carefully weigh the evidence; and secondly, that, even if this court finds he did not err in these respects, nevertheless, "on the record as a whole, his decision was clearly wrong."

The appellee contends under her exception that there was no legal evidence on either issue on which the jury could reasonably find a verdict for the appellant, and, therefore, the trial justice erred in denying her motion for a directed verdict. In this connection she quotes, in support of her argument on the issue of undue influence, the following statement made by the trial justice in granting her motion for a new trial: "It was with considerable hesitancy, and considerable doubt, that the court submitted the question of undue influence to the jury because, in the opinion of the court then, and in the opinion of the court now, there was not sufficient evidence from which the jury could find that the charge of undue influence was proved, or that there was any evidence in the case which would warrant any finding of undue influence practiced by Mrs. Hammett upon Mr. Hammett. The fact that Mrs. Hammett testified added nothing to the proof of undue influence. We shall first dispose of this exception.

We are of the opinion that each ground of appellee's exception is without merit. There was a clear conflict in the evidence on the issue of testamentary capacity which called for consideration thereof by the jury without the intervention of the trial justice. As to the issue of undue influence, we do not understand the trial justice to mean by his statement that he believed there was no evidence of such influence when he denied the motion for a directed verdict; but that he believed then, as he did when passing on the appellee's motion for a new trial, that the weight of the evidence

was not sufficient to prove the issue of undue influence. Viewed in this light, there is nothing in the above-quoted language from his opinion that is inconsistent with his denial of appellee's motion for a directed verdict, when the weight of the evidence was not before him.

It may be true, as argued by the appellee and apparently conceded by the appellant, that the evidence of undue influence is meager, but, from an examination of the record, we cannot say that this evidence is such as to warrant withdrawing that issue from the consideration of the jury. In view of these conclusions, it was not error for the trial justice to deny appellee's motions. Her exceptions are, therefore, overruled.

We come now to appellant's exception. Under this exception he recognizes that this court will not disturb the decision of a trial justice granting a new trial, if we do not find that the trial justice is clearly wrong or has misconceived or overlooked important evidence in the case. The appellant argues that, on the issue of testamentary capacity, the trial justice did overlook such evidence, namely, that of the nurses who attended the testator at the hospital during his last illness. He admits that the trial justice considered the testimony of the physicians, who testified on the issue of testamentary capacity; and he states in his brief that a fair summation of that evidence appears in the decision of the trial justice. As we view the evidence on this issue, the testimony of the physicians more or less comprehended the facts to which the nurses testified; and the trial justice took this into account in weighing all the evidence on the motion for a new trial.

On the whole we are of the opinion that the trial justice did not err in weighing the testimony on both issues and finding that the verdict of the jury was against the weight of the evidence. In our perusal of the transcript, having in mind all of the appellant's arguments on these issues, we are not convinced of the soundness of his contention that the

trial justice merely substituted his conclusions for those of the jury and that he, therefore, erred. On the contrary, we are convinced not only that his decision in granting a new trial was not clearly wrong, and therefore should not be disturbed, but that it was amply supported by a careful review of the evidence, made in accordance with the rule laid down in *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292. Therefore, the trial justice was not in error in granting a new trial.

For the reasons herein stated, the exceptions of the appellant and the appellee are overruled, and the case is remitted to the superior court for a new trial.

*Burdick, Corcoran & Peckham, Cornelius C. Moore, Edward J. Corcoran, Alexander G. Teitz,* for appellant.

*Voigt, Wright, Munroe & Clason, Hugo A. Clason, Ernst T. Voigt,* for appellee.